[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this court is the request of Leo and Clara Beaudoin (hereinafter "plaintiffs") that co-defendant, Peter DiSarro, be restrained from using his property to construct a multi-family dwelling. Further, plaintiffs are appealing the new zoning classification granted by the Johnston Town Council allowing co-defendant to build the above unit.
On April 28, 1986, a variance was given by the Johnston Zoning Board to the co-defendant changing his property located on DiSarro Drive, Assessor's Plat No. 34, Lot No. 259, Zoning District R-15 to a Zoning District R-10. Said change gave the co-defendant license to build a two-family duplex on the above land. Subsequently, on February 27, 1989, the defendant filed a request with the Johnston Town Clerk to appear before the Johnston Town Council to petition for a change which would allow the co-defendant to construct four one-bedroom units rather than the previously approved duplex. At a hearing conducted on March 13, 1989, defendant's request was granted. Contrary to the statements made by both Mr. DiSarro and the plaintiffs, the records before this court reflect that the zoning change made on March 13, 1989 was not made by the Johnston Zoning Board but by the Johnston Town Council. Consequently, in this instance, a variance was not granted but a zoning amendment enacted.
The above was properly before the Town Council under Johnston Town Code Chapter 26, Article XI, § 26-52 which states:
 The Johnston Town Council may permit upon petition for amendment an apartment or multi-family dwelling or grouping of apartments or multi-family dwelling structures in an R-10 R-7 District . . .
However, § 26-53 stipulates that in a petition for the above, the procedures outlined by Chapter 26, Article IV of the Johnston Town Code must be followed.
Contrary to § 26-53, all the necessary procedural requirements were not met in the hearing of Mr. DiSarro's petition. Article IV, § 26-20(b) provides that,
. . . when an amendment makes a specific change in the zoning map, written notice of the time and place of such public hearing, and the nature and purpose thereof, shall be sent by registered or certified mail at least seven days before the date of the hearing to all owners of any real property within 200 ft. of the perimeter of the real property which is the subject matter of the proposed amendment.
Similarly R.I.G.L. 1956 (1991 Reenactment) § 45-24-4.1(a) addresses the same and requires that where a specific change is sought to be made, the town council:
. . . shall first give written notice of the time and place of a public hearing, and the nature and purpose thereof, to all owners of any real property within two hundred feet (200') of the perimeter of the real property . . .
Although the plaintiffs in the case at bar are abutting landowners as defined by statute, they were not provided with the required notice. The plaintiffs have asserted that notice was never received and the Town of Johnston has agreed that they have no evidence that notice was ever mailed to the plaintiffs.
The acquisition of jurisdiction by the Town Council to rule on a proposed amendment depends on strict compliance with notice requirements. Barber v. Town of North Kingstown, 118 R.I. 169,372 A.2d 1269, 1269 (1977). The purpose of the notice requirement is to alert the landowner that a proposed amendment to the zoning ordinances may affect his or her property and that he or she has a right to speak upon the matter at a public hearing. Sweetmanv. Town of Cumberland, 117 R.I. 134, 364 A.2d 1277, 1284 (1976).
Plaintiffs' appeal should be, and therefore it is granted. For the reasons given herein, this court remands the above for a new hearing in conformity with the notice requirements set forth in this decision and R.I.G.L. § 42-24-20 and the Johnston Town Code, Article IV, § 26-20(b). In addition, this court instructs Mr. DiSarro to file an application with the clerk's office, and to provide a list of abutters, a radius map, and appropriate filing fees so that notice may be sent by the town to necessary parties.
The Town Council may, upon remand, take whatever action thereon which it deems appropriate and consistent with this decision.